UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11421-WGY

CARL CHUDNOFSKY,
Plaintiff,

v.

PRIME RETAIL, L.P., LEE OUTLETS, LLC, PRIME OUTLETS ACQUISTION COMPANY LLC, PFP VENTURE, LLC, DAVID LICHTENSTEIN, ROBERT A. BRVENIK, and PEYTON OWENS,
Defendants,

and

LEE OUTLETS, LLC, PRIME OUTLETS ACQUISITION COMPANY, LLC, and PFP VENTURE, LLC,
Reach and Apply Defendants.

ORDER
August 27, 2010

O'TOOLE, D.J.

While injunctive relief restraining the transfer of assets may be appropriate when the plaintiff demonstrates that the "defendant[s] may be insolvent before a final judgment is entered." Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 52 (1st Cir. 1986), the plaintiff here has failed to make such a demonstration. Similarly, while an attachment of real estate may be appropriate if necessary to secure a final judgment, see Mass. R. Civ. P. 4.1, it should be granted only when it has been shown that it is necessary. Here, the plaintiff has sued not only his employer *strictissimi juri*s, Prime Retail, LLC ("Prime"), but also other defendants who he alleges may be responsible for the claimed nonpayment of wages or alternately a source of funds by which damages assessed against Prime may be recouped if Prime itself fails to pay.

2

The plaintiff's Motion for a Temporary Restraining Order and Motion for Real Estate Attachment are DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge